UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. BRANDLIN, Receiver for NTV Financial Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>LUXAGE GROUP, INC., a Pennsylvania corporation, dba LUXURY BAZAAR,<br><br>Defendant. | Case No. 2:21-cv-00676-SVW-KES<br><br>**ORDER GRANTING STIPULATION TO APPROVE SETTLEMENT AGREEMENT**<br><br>[No Hearing Required]<br><br>**Note changes made by Court** |

Based on the Stipulation of Plaintiff Jeffrey E. Brandlin, Receiver for NTV Financial Group, Inc. and its subsidiaries and affiliates, and Defendant Luxage Group, Inc., dba Luxury Bazaar, to approve the parties' settlement agreement resolving their disputes in the above-captioned case (the "Settlement Agreement"); and the parties' agreement that good cause exists to approve the Settlement Agreement;

IT IS HEREBY ORDERED:

1. The Settlement Agreement is approved in its entirety.

17118.1:10339196.1

~~2.   This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.~~

The Court's retention of jurisdiction over an action to enforce a settlement agreement is not a decision that lies in the parties' hands. Rather, it is a matter that lies solely within the Court's discretion. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (explaining retention of jurisdiction lies within courts discretion and absent an "independent basis for federal jurisdiction" or a "dismissal order . . . retain[ing] jurisdiction over the settlement agreement . . . enforcement of the settlement agreement is for state courts" by means of breach of contract action).

Accordingly, the Court is not required to retain jurisdiction over a settlement agreement simply because the parties agree that the Court will do so. Any other rule would vitiate a court's discretion as to whether it should retain jurisdiction over a matter after settlement.

DATED: September 1, 2021

_____
Hon. Stephen V. Wilson
United States District Court Judge